**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANWAR M. MUSTAFA, | ) |
| | ) No. 13 CV 2951 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| MAC'S CONVENIENCE STORES, LLC, | ) |
| | ) March 18, 2014 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

In this employment-discrimination suit arising under the Illinois Human Rights Act, plaintiff Anwar Mustafa seeks a court order requiring the agents of his former employer, defendant Mac's Convenience Stores, LLC ("Mac's"), to provide deposition testimony regarding communications that unfolded in the course of a mediation with the Illinois Human Rights Department ("IHRD"). (R. 30.) For the following reasons, the motion to compel is denied:

**Background**

In March 2013 Mustafa sued Mac's in Illinois Circuit Court of Du Page County under the Illinois Human Rights Act, alleging that it discriminated against him based on his age and national origin and retaliated against him after he complained to IDHR. (R. 1, Not. of Removal, Ex. A, Compl. ¶¶ 8, 13, 21.) A month later Mac's removed the case to this court on the basis of diversity jurisdiction. (Id. ¶ 5.) In August 2013 the assigned district judge referred the case to this court for discovery supervision, (R. 14), and the parties began fact discovery. According to

the current motion, during the deposition of Regional Manager Eric Lindstrom the defendant's attorney instructed Lindstrom not to answer questions that would reveal any information about events that took place during a mediation session at IDHR on February 3, 2013 ("the IDHR mediation"). (R. 30, Mot. to Compel ¶¶ 3-4, 11.) The defendant's counsel argued that the discussions surrounding the IDHR mediation are privileged and confidential. (Id. ¶¶ 11-13.) Because the attorneys could not agree on whether communications that unfolded during the IDHR mediation are privileged, they agreed to leave Lindstrom's deposition open and Mustafa filed the current motion to compel. (Id. ¶ 14.)

## Analysis

The Federal Rules of Civil Procedure instruct this court to allow discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Mustafa argues that an order requiring Mac's agents to answer questions regarding the IDHR mediation is proper because, he says, those communications are relevant to his claims and there is no federal privilege protecting mediation negotiations from discovery. (R. 30, Mot. to Compel ¶¶ 15-16.) In response, Mac's argues that its agents should not be compelled to reveal communications related to the IDHR mediation because those communications are privileged under the Illinois Uniform Mediation Act ("the Mediation Act"). (R. 34, Resp. at 2-3.) As the party asserting the privilege, Mac's has the burden of showing that the Mediation Act privilege is applicable here. *See Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997).

2

The Mediation Act provides that "a mediation communication is privileged . . . and is not subject to discovery or admissible in evidence in a proceeding unless waived" or precluded in other ways not relevant here. 710 ILCS 35/4(a). The Mediation Act also makes clear that a "mediation party may refuse to disclose, and may prevent any other person from disclosing, a mediation communication." *Id.* § 35/4(b)(1). The statute defines "mediation communication" as "a statement, whether oral or in a record or verbal or non-verbal, that occurs during a mediation or is made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator." *Id.* § 35/2(2). Mac's asserts that the targeted testimony regarding discussions Lindstrom or any of Mac's other agents had regarding what happened at the IDHR mediation falls within the scope of this privilege and thus is not subject to discovery.

In his reply brief, Mustafa does not argue that the subject matter he is concerned with is unrelated to a qualifying mediation or does not involve "mediation communications" or that Mac's has waived its privilege. Instead, he argues that the Illinois statute does not apply in this federal proceeding. (R. 35, Reply at 1-2.) According to Mustafa, the Mediation Act does not apply because "[s]ubject matter jurisdiction of the Court in this lawsuit is based solely upon federal question and all of Plaintiff's claims involve solely matters of federal law." (Id. at 2.) But that assertion is misplaced given that he filed his claims in Illinois state court under the Illinois Human Rights Act and Mac's removed this case to this court specifically on the grounds of the court's diversity jurisdiction. (R. 1, Not. of Removal ¶ 5.)

3

Mustafa never amended his complaint to add any claims based on federal law, and the time for amending his complaint as of right has long passed. *See* Fed. R. Civ. P. 15(a)(1). Accordingly, there are no federal claims currently before the court and the court's jurisdiction is based solely on the diversity jurisdiction.

As Mustafa acknowledges, in a diversity case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *See* Fed. R. Evid. 501. Because Illinois law supplies the rule of decision for Mustafa's claims under the Illinois Human Rights Act, Illinois privilege law applies to the current dispute. *See Netherlands Ins. Co. v. Nat'l Cas.*, 283 F.R.D. 412, 416 (C.D. Ill. 2012). Accordingly, under the Mediation Act's plain terms, any communications Mac's agents engaged in during or for the purposes of conducing the IDHR mediation are privileged and not subject to discovery. *See* 710 ILCS 35/3(a).

The only argument unrelated to privilege Mustafa raises is his assertion that he is entitled to depose Mac's agents regarding the mediation communications because those discussions are relevant or may lead to the discovery of admissible evidence regarding Mac's decision to terminate Mustafa. (R. 35, Reply at 3-4.) But the fact that those communications are relevant is insufficient to overcome the assertion of privilege. By their very nature, privileges are designed to barricade access to relevant information. *See Mem'l Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981). Because Mac's has shown that the Mediation Act privilege attaches to the communications Mustafa seeks, the motion to compel is denied.

## Conclusion

For the foregoing reasons, the motion to compel is denied.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**

5